A. Raymond Hamrick, III (State Bar No. 93821)
Martin J. Barab (State Bar No. 47419)
Kenneth C. Greene (State Bar No. 95210)
Michelle E. Goodman (State Bar No. 238429)
**HAMRICK & EVANS, LLP**
111 Universal Hollywood Drive, Suite 2200
Universal City, California 91608
Telephone No.: (818) 763-5292
Fax No.: (818) 763-2308

Attorneys for Creditor and Plaintiff,
BLUE RIDER FINANCE, INC.

# UNITED STATES BANKRUPTCY COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: <br><br> CHRISTOPHER A. EBERTS, <br><br> Debtor. <br><br> BLUE RIDER FINANCE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER A. EBERTS, <br><br> Defendant. | Case No. 2:09-bk-12534-ER <br><br> Chapter 7 <br><br> Adv. No. _____ <br><br> **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. § 523(a))** |

Creditor BLUE RIDER FINANCE, INC., Plaintiff herein ("Plaintiff"), hereby alleges against Debtor CHRISTOPHER A. EBERTS, the Defendant herein ("Defendant"), as follows:

1. This is a core proceeding over which this Court has jurisdiction, pursuant to 28 U.S.C. § 157(b).

2. Defendant is the Debtor in this Chapter 7 case. Plaintiff is informed and believes and based thereon alleges that at all relevant times herein Defendant, was the owner, agent, servant and employee of Rifkin/Eberts, LLC and AME R/E Leasing, LLC (collectively referred to herein as the "Entities"), and acted within the course and scope of such agency, servitude and employment. Plaintiff is a Creditor of Defendant.

3. Plaintiff is a California corporation, duly licensed as a financial lender under the California Finance Lenders Act, and engaged in the business of financing media projects, including but not limited to providing financing for the production, marketing and distribution of theatrical motion pictures.

4. This is an adversary proceeding to determine the dischargeability of a debt.

5. On or about November 2, 2007, Plaintiff agreed to provide a Prints and Advertising Loan ("Loan") to Defendant, the Entities and non-party Arnold Rifkin (collectively, "Borrowers"). A true and correct copy of the Financing Agreement embodying the terms and conditions of the Loan is attached hereto as Exhibit "A". Defendant signed the Financing Agreement both as an individual and on behalf of AME R/E Leasing, LLC.

6. Pursuant to the Financing Agreement, Plaintiff agreed to lend Borrowers the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00) plus fees and costs, based upon Borrowers' representation and warranty that the Loan would be used solely for the specific purpose of financing the prints and advertising costs for the United States theatrical release of a full-length motion picture entitled *Timber Falls* (the "Film") owned and controlled by AME R/E Leasing, LLC, pursuant to the detailed Budget attached to the Financing Agreement. (*See*, e.g., Exhibit "A", paragraphs B and D.1, and Exhibit "C" attached thereto.)

7. On or about November 5, 2007, Borrowers executed a Secured Promissory Note in favor of Plaintiff, pursuant to which Borrowers promised to pay Plaintiff by November 4, 2008 the principal sum of One Million Eight Hundred Forty Thousand Dollars ($1,840,000.00), which included One Million Five Hundred Thousand Dollars ($1,500,000.00) to be used to pay prints and advertising costs in connection with the Film, costs and fees. A true and correct copy of the Secured Promissory Note is attached hereto as Exhibit "B".

8. As of approximately January 2008, Borrowers were in default on the Loan, based on their failure to spend all of the Loan proceeds on prints and advertising costs for the Film and to return the portion of the Loan proceeds that was unspent and/or utilized for other purposes to Plaintiff. In particular, Plaintiff is informed and believes and based thereon alleges that Defendant improperly diverted at least a portion of the Loan monies into bank accounts intended for his

personal use, and/or that Defendant spent all or part of the Loan monies on expenses unrelated to financing prints and advertising costs for the film, including, but not limited to spending money on personal expenses and using funds to finance other motion pictures in which Defendant was involved in producing. Pursuant to the Financing Agreement and the Secured Promissory Note, the above-referenced acts constitute material defaults of the terms and conditions of the Loan, and as a result, the entire outstanding amount of the Loan (including all accrued interest) is immediately due and payable. (*See*, e.g., Exhibit "B", paragraphs 2 and 11.)

9. Accordingly, during January 2008 through March 2008, Plaintiff and its counsel contacted Defendant multiple times to demand repayment of the Loan. Defendant agreed on more than one occasion to repay the Loan, yet he failed to ever make any payments. Moreover, Plaintiff is informed and believes and based thereon alleges that Defendant wrote a check to Plaintiff in the amount of Three Hundred Seventy-Five Thousand Dollars ($375,000.00), purportedly to repay a portion of the Loan, yet Defendant knowingly wrote the check when the account on which it was drawn had insufficient funds. In addition, Plaintiff is informed and believes and based thereon alleges that Defendant falsified wire transfer documents to make it appear that he was repaying a portion of the Loan, when in fact Defendant made no payments whatsoever.

10. On or about March 24, 2008, Defendant executed a Confession of Judgment acknowledging that he had breached the terms and conditions of the Loan, and that he is responsible for repaying the entire outstanding amount of the Loan to Plaintiff, which as of March 24, 2008 was in the amount of One Million Eight Hundred Seventy-Two Thousand One Hundred Fifty-Eight Dollars ($1,872,158.00). A true and correct copy of the Confession of Judgment is attached hereto as Exhibit "C".

11. Pursuant to the Confession of Judgment, on May 28, 2008, the Los Angeles County Superior Court entered Judgment against Defendant in the amount of One Million Eight Hundred Seventy-Two Thousand One Hundred Fifty-Eight Dollars ($1,872,158.00), plus interest at the rate of ten percent (10%) per annum due and owing as of May 28, 2008. A true and correct exemplified copy of the Judgment is attached hereto as Exhibit "D".

12. Based upon the amount of the Judgment, plus interest at the rate of ten percent (10%)

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. § 523(a))**

per annum as of May 28, 2008, through and including February 5, 2009 – the date on which Defendant filed his Chapter 7 petition, the total outstanding amount of the debt Defendant owes to Plaintiff is Two Million One Thousand Eight Hundred Ninety-One Dollars and Thirty-Four Cents ($2,001,891.34).

## COUNT ONE

### Non-Dischargeability Based on False Representations and/or Actual Fraud

### (11 U.S.C. § 523(a)(2)(A))

13. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 12 of this Complaint as though fully set forth herein.

14. Defendant is indebted to plaintiff in the sum of Two Million One Thousand Eight Hundred Ninety-One Dollars and Thirty-Four Cents ($2,001,891.34), on a debt for obtaining property by false representations and actual fraud based on the following circumstances:

15. Defendant requested to receive a loan from Plaintiff, to be used for the specific purpose of financing the prints and advertising costs for the Film. Defendant provided Plaintiff with a Budget of what purported to be the prints and advertising costs for the Film in support of Defendant's request for a loan. Plaintiff reasonably relied on Defendant's oral representations and written statements (e.g., the Budget) that the Loan proceeds would only be used for financing the prints and advertising costs for the Film in agreeing to and actually making the Loan to Defendant.

16. In fact, Defendant did not use the Loan proceeds solely for the purpose of financing the prints and advertising costs for the Film. On information and belief, Defendant used at least part of the Loan monies to finance other motion pictures in which he was involved as a producer and to pay personal expenses, including but not limited to other debts personally incurred by Defendant.

17. At the time that Plaintiff made the Loan to Defendant, Defendant was fully aware, or knew or reasonably should have known that his representations to Plaintiff regarding the use of the Loan proceeds were false, and that if Defendant had represented the true reason why he wanted a loan, Plaintiff would never have made the Loan to Defendant.

18. Furthermore, while Defendant was fully aware that he was in default on the Loan and in breach of the Financing Agreement, Defendant wrote a check to Plaintiff in the amount of Three

Hundred Seventy-Five Thousand Dollars ($375,000.00), purportedly to repay a portion of the Loan, when Defendant knew that the account on which the check was written had insufficient funds. In addition, Defendant intentionally falsified wire transfer documents to make it appear that he was repaying a portion of the Loan. As a result, no amount of the Loan has ever been repaid or returned to Plaintiff.

19. The debt owed by Defendant to Plaintiff, which is in the amount of Two Million One Thousand Eight Hundred Ninety-One Dollars and Thirty-Four Cents ($2,001,891.34), is nondischargeable, pursuant *inter alia* to 11 U.S.C. § 523(a)(2)(A).

20. Accordingly, Plaintiff requests that the Court enter judgment against Defendant in the amount of Two Million One Thousand Eight Hundred Ninety-One Dollars and Thirty-Four Cents ($2,001,891.34), plus an award reasonable costs and attorney's fees, to be determined at the time of trial.

## COUNT TWO

### Non-Dischargeability Based on Embezzlement

### (11 U.S.C. § 523(a)(4))

21. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. Defendant is indebted to plaintiff in the sum of Two Million One Thousand Eight Hundred Ninety-One Dollars and Thirty-Four Cents ($2,001,891.34), on a debt which arose when Defendant embezzled the Loan monies intended to be used solely by the Entities in connection with financing prints and advertising costs for the Film, and instead used the Loan monies for Defendant's personal use and in connection with motion pictures other than the Film.

23. On information and belief, Plaintiff alleges that Defendant deceitfully mis-appropriated the Loan monies for purposes other than the intended purpose of financing prints and advertising costs for the Film, and utilized the funds without the prior knowledge or permission of others involved in the Loan transaction, including but not limited to Plaintiff and Arnold Rifkin. In addition, Defendant diverted the Loan monies into bank accounts accessible by himself and other unknown third parties only.

24. The debt owed by Defendant to Plaintiff, which is in the amount of Two Million One Thousand Eight Hundred Ninety-One Dollars and Thirty-Four Cents ($2,001,891.34), is nondischargeable, pursuant to 11 U.S.C. § 523(a)(4).

25. Accordingly, Plaintiff requests that the Court enter judgment against Defendant in the amount of Two Million One Thousand Eight Hundred Ninety-One Dollars and Thirty-Four Cents ($2,001,891.34), plus an award reasonable costs and attorney's fees, to be determined at the time of trial.

## COUNT THREE

### Non-Dischargeability Based on Willful and Malicious Injury to Property of Another Entity (11 U.S.C. § 523(a)(6))

26. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. At all times material prior to November 2, 2007, Plaintiff possessed funds in the amount of One Million Eight Hundred Forty Thousand Dollars ($1,840,000.00). On or about November 2, 2007, Plaintiff agreed to lend this amount to Defendant, pursuant to Defendant's fraudulent representations that these Loan monies would be used solely for the purpose of financing the prints and advertising costs in connection with the Film.

28. After obtaining the Loan monies by fraud, Defendant further willfully and maliciously converted the Loan monies by using the monies in a manner which was unauthorized and by refusing to return the Loan monies. Defendant's interference with the Loan monies was substantial, in that Defendant intentionally refused to return the Loan monies following Plaintiff's demands, and Defendant further defrauded Plaintiff by writing a check on an account which Defendant knew had insufficient funds, and by falsifying wire transfer documents. Furthermore, despite the fact that Defendant willingly signed a Confession of Judgment and agreed to have Judgment entered against him, Defendant has refused to repay any portion of the Loan monies, causing Plaintiff to spend considerable time and expense on collection efforts, which have been to no avail.

29. Defendant's true intent, as evidenced by the manner in which the Loan monies were actually spent, was to use the Loan monies for purposes other than the reason represented to Plaintiff,

and instead to utilize the Loan monies for personal purposes, to repay previously existing debts and to finance other motion pictures.

30. As a result of Defendant's willful and malicious conversion of the Loan monies, Plaintiff has been damaged in the amount of Two Million One Thousand Eight Hundred Ninety-One Dollars and Thirty-Four Cents ($2,001,891.34), plus reasonable expenses incurred in connection with Plaintiff's attempts to recover the Loan monies from Defendant.

31. The debt owed by Defendant to Plaintiff, which is in the amount of Two Million One Thousand Eight Hundred Ninety-One Dollars and Thirty-Four Cents ($2,001,891.34), is nondischargeable, pursuant to 11 U.S.C. § 523(a)(6).

32. Accordingly, Plaintiff requests that the Court enter judgment against Defendant in the amount of Two Million One Thousand Eight Hundred Ninety-One Dollars and Thirty-Four Cents ($2,001,891.34), plus an award reasonable costs and attorney's fees, to be determined at the time of trial.

**WHEREFORE,** Plaintiff prays that the Court determine that the debt in the amount of Two Million One Thousand Eight Hundred Ninety-One Dollars and Thirty-Four Cents ($2,001,891.34) is nondischargeable, based upon 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and/or 523(a)(6); that the Court enter judgment against Defendant in the amount of Two Million One Thousand Eight Hundred Ninety-One Dollars and Thirty-Four Cents ($2,001,891.34); and that Plaintiff be entitled to further relief as is just, including an award of reasonable costs and attorney's fees, to be determined at the time of trial.

DATED: April 30, 2009          HAMRICK & EVANS, LLP

By:  /s/ *Kenneth C. Greene*
A. RAYMOND HAMRICK, III
MARTIN J. BARAB
KENNETH C. GREENE
MICHELLE E. GOODMAN
HAMRICK & EVANS, LLP
111 Universal Hollywood Drive, Suite 2200
Universal City, California 91608
Telephone No.: (818) 763-5292
Fax No.: (818) 763-2308
Attorneys for Plaintiff,
BLUE RIDER FINANCE, INC.

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. § 523(a))**