

FILED MAY - 7 2009 CLERK, U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY Deputy Clerk

ENTERED MAY - 7 2009 CLERK, U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

Christopher A Eberts,

        Debtor,

Blue Rider Finance, Inc,

        Plaintiff,

v.

Christopher A Eberts,

        Defendant,

Case No. LA09-12534-ER
Adv. No. AD09-01480-ER

Chapter 7

**SCHEDULING ORDER RE: STATUS CONFERENCE**

This adversary proceeding having been assigned to the undersigned judge, IT IS HEREBY ORDERED:

1. The following dates shall apply to this proceeding:

    Status Conference: JULY 16, 2009, @ 10:00 a.m.

    Discovery cutoff: NOVEMBER 30, 2009

    Pretrial: DECEMBER 17, 2009 @ 11:00 a.m.

1     Trial is scheduled for the week of: JANUARY 25, 2010 @ 10:00 a.m.

2. Unless otherwise ordered, the status conference and pretrial shall be conducted by telephone conference. All requests to conduct the status conference and/or pretrial in person shall be made in a written application filed with the court and served upon the parties not later than 5 court days prior to the status conference and pretrial.

3. This order applies to counsel for all parties and persons not represented by counsel. ALL COUNSEL AND PARTIES MUST COMPLY WITH LOCAL RULE 7016-1(a)(2) WHICH REQUIRES FILING A JOINT STATUS CONFERENCE STATEMENT OR A UNILATERAL STATUS CONFERENCE STATEMENT AT LEAST TEN COURT DAYS BEFORE THE STATUS CONFERENCE. IF NOT SO SERVED, OR SERVED LATE, THE COURT SHALL SUA SPONTE CONTINUE THE STATUS CONFERENCE TO THE NEXT MONTH AND ALL OTHER DATES SHALL BE VACATED, IN ADDITION TO SUCH SANCTIONS AS THE COURT DEEMS APPROPRIATE.

4. Unless otherwise ordered, all applicable Local Bankruptcy Rules continue to apply as set forth in the EARLY MEETING OF COUNSEL, JOINT STATUS CONFERENCE INSTRUCTIONS, which is attached and incorporated herein by this reference. In particular, all parties shall review General Order No. 95-01 ("Adoption of Mediation Program for Bankruptcy Cases and Adversary Proceedings").

5. Plaintiff shall serve a copy of this order as well as the EARLY MEETING OF COUNSEL, JOINT STATUS CONFERENCE INSTRUCTIONS on all parties along with the summons and complaint. PROOF OF SERVICE OF THE SUMMONS AND COMPLAINT MUST INDICATE THAT SUCH COPIES WERE SERVED IN ACCORDANCE WITH THIS ORDER.

1 | Dated: May 7, 2009

*Ernest M. Robles*
Ernest M. Robles
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE BY MAIL

I, Earnestine Walter, hereby certify that I sent a copy of the above RE SCHEDULING ORDER RE: STATUS CONFERENCE to the parties listed below on May 7, 2009

HAMRICK & EVANS, LLP
Kenneth C Greene
111 Universal Hollywood Dr
Universal City, CA 91608

_Earnestine Walter_
Deputy Clerk

# **REVISED EARLY MEETING OF COUNSEL, JOINT STATUS CONFERENCE INSTRUCTIONS**

1. *A COPY OF THESE INSTRUCTIONS MUST BE ATTACHED TO THE COPY OF THE COMPLAINT SERVED UPON EACH PARTY, AND THE PROOF OF SERVICE OF THE SUMMONS AND COMPLAINT MUST INDICATE THAT SUCH COPY WAS SERVED THEREWITH.*

2. These instructions apply <u>only</u> to parties represented by counsel. If you do not have an attorney you must appear at the status conference in person.

3. This status conference will be conducted **by telephone** at the date and time shown on the summons. Telephone appearances for status conference will be arranged through *Court Call*™ pursuant to the attached Instructions for Telephonic Appearances. Court Call is an independent conference call company that arranges conference calls on a national and international basis for business. It has no business connection with this court.

4. If the proceeding involves money or property exceeding $10,000.00 or if the plaintiff believes trial time will be four hours or more, plaintiff must serve, with the summons and complaint, a notice that compliance with **Local Rule 7026-1** is required. Plaintiff must also file proof of service of the notice with proof of service of the summons and complaint.

5. If **Local Rule 7026-1** <u>applies, counsel for the parties</u> **MUST TIMELY MEET TO DISCUSS SETTLEMENT AND TO EXCHANGE DOCUMENTS, OTHER EVIDENCE, AND LISTS OF WITNESSES AND PRELIMINARY DISCOVERY SCHEDULES AS PROVIDED IN SAID RULE.**

6. Unless all <u>defendants have defaulted, the parties shall</u> file a Joint Status Report pursuant to **Local Rule 7016-1(a)(2)** at least 10 court days before the date of the status conference in a form substantially similar to Local Form No. 7016-1. If **Local Rule 7026-1** <u>applies, the parties must include in the Joint Status Report a statement that they have met to discuss settlement and have exchanged documents, other evidence, lists of witnesses and preliminary discovery schedules.</u> If the parties request dates for discovery cut-off, pre-trial or trial other than those ordered herein, this request shall be made in the Joint Status Report.

7. If no response to the complaint is timely filed, plaintiff may request entry of default by the clerk or by the court. Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion, see **FRBP Rule 7055 and Local Rule 7055.**

8. If the parties dispute whether the adversary proceeding is **"core" or "non-core,"** they shall file points and authorities in support of their positions. Any party that contends the proceeding is **"non-core"** shall file and serve its points and authorities at least **14 days** before the status conference. Any response must be filed and served at least seven days before the status conference.

9. Failure to comply with these instructions including the failure to timely file a joint status report will subject the responsible party to monetary **sanctions**, without a further hearing.

10. Failure of counsel for any party to appear at a status conference or pre-trial conference may be considered an abandonment or failure to prosecute or defend diligently and the proceeding may be dismissed or judgment entered against the defaulting party without a further hearing.

11. Plaintiffs demanding trial by jury in the bankruptcy court shall file a demand with their complaint. All other parties stipulating to trial by jury in the bankruptcy court should file their stipulation not later than the date of the status conference.

**HON. ERNEST M. ROBLES**
United States Bankruptcy Judge

## AMENDED ORDER RE TELEPHONIC STATUS CONFERENCE IN ADVERSARY PROCEEDINGS

This proceeding having been assigned to Judge Ernest M. Robles, **IT IS HEREBY ORDERED:**

1. Unless otherwise ordered all status conferences and continued status conferences ("Conferences") in this proceeding shall be conducted by telephone. However, any party or counsel may appear in person if they wish. As set forth in paragraph six below, if you do not have counsel you must appear in person at the status conference.

2. Plaintiff shall serve a copy of this order on all defendants, together with the summons and complaint. The return proof of service shall indicate such service. In continued status conferences and pre-trials, plaintiff shall serve a copy of this order together with plaintiff's notice of continued hearing.

3. **Any settlement stipulations or default judgments shall be filed with the Court at least five (5) court days before the status conference or pretrial. If the orders are not timely filed, all parties must appear. Parties submitting late stipulations or default judgments may be subject to Court Call's regular charges even if the hearing never takes place.**

4. Unless otherwise ordered, all applicable Local Bankruptcy Rules remain in force. In particular, all parties and counsel are encouraged to review Local Bankruptcy Rules 7026-1 (early meeting of counsel) and 7016-1 (status conferences and pre-trial hearings), and (Second Amended) General Order No. 95-01 ("Adoption of Mediation Program for Bankruptcy Cases and Adversary Proceedings").

5. Except in instances where either the plaintiff or defendant are not represented by counsel, conference calls shall be initiated by counsel for the plaintiff and Court Call℠ shall coordinate such conference calls. Relevant instructions are attached. Court Call℠ is not affiliated with the U.S. Courts nor has the U.S. government contracted in any way with Court Call℠. Payment for the conference call shall be the responsibility of the parties individually, unless the parties

have agreed to other arrangements.

6. In cases where either the plaintiff or defendant are not represented by counsel the parties shall appear in person.

                                                **Ernest M. Robles**
                                                **United States Bankruptcy Judge**